IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. ELH-16-0009 |
| MOHAMED ELSHINAWY | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MOTION TO STRIKE ORDER
GRANTING CLASSIFIED INFORMATION PROCEDURES
ACT PRETRIAL CONFERENCE AS AN EX PARTE PROCEEDING**

Defendant Mohamed Elshinawy, by and through undersigned counsel, hereby files this Motion To Strike Order Granting Classified Information Procedures Act Pretrial Conference As An Ex Parte Proceeding, pursuant to Rule 12 of the Federal Rules of Criminal Procedure. Defendant Elshinawy requests that the Court strike its order designating the pretrial conference as an ex parte proceeding and grant, at a minimum, permission for defense counsel to attend. Section 2 of the Classified Information Procedures Act ("CIPA") plainly allows for the presence of the defendant and defense counsel at the pretrial conference. This Court's consideration of the timing of (1) requests for discovery, (2) the defendant's notice of intent to disclose classified information pursuant to Section 5 of CIPA, and (3) the government's requests relating to the deletion, substitution, and/or disclosure of classified materials necessitate—at a minimum—the presence of defense counsel.

I.   **Relevant Factual Background**

A brief chronology of this case is in order. The government began its investigation of Mr. Elshinawy in February 2015 through the monitoring of Mr. Elshinawy's communications on social media. *See* Indictment ¶¶ 10–12, ECF No. 19. Over the next five months and beyond, the

government continued its clandestine surveillance of Mr. Elshinawy's internet communications, and began tracking his financial transactions and movements. *See* generally Affidavit in Support of Criminal Complaint and Arrest and Search Warrants ("Affidavit"), ECF No. 2. On July 17, 2015, FBI agents interviewed Mr. Elshinawy and conducted a search of his Dell and HP laptop computers. *See* Affidavit ¶¶ 8–11, 19. FBI agents conducted a second interview of Mr. Elshinawy on July 20, 2015, and searched Mr. Elshinawy's residence and vehicle on October 9, 2015. *See* Affidavit ¶ 3, 12–13. Mr. Elshinawy was arrested on December 11, 2015, and waived his right to a preliminary hearing. ECF Nos. 6, 12. A federal grand jury issued an indictment on January 13, 2016. ECF No. 19.

On February 22, 2016, the government moved for a pretrial conference pursuant to Section 2 of CIPA. ECF No. 27. A telephone status conference with the government, defense counsel, and the Court was held on February 25, 2016. ECF No. 28. The Court granted the government's motion, *See* ECF No. 28, but ordered that the pretrial conference be held <u>ex parte</u> with the government and a Court Security Officer on March 29, 2016. *See* ECF No. 30. The conference will be on the record, but sealed. *See* ECF No. 30.

## II. The Defendant and His Counsel Are Entitled to Attend the CIPA Section 2 Pretrial Conference

The very text of Section 2 of CIPA provides for the presence of the defendant and defense counsel at the pretrial conference. Section 2 states in relevant part that, "[a]t any time after the filing of the indictment or information, <u>any party</u> may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3 § 2 (emphasis added). Section 2 further provides that, "[n]o admission <u>made by the defendant or by any attorney for the defendant at such a conference</u> may

2

be used against the defendant unless the admission is in writing and is signed by the defendant and by the attorney for the defendant." *Id*. (emphasis added).

CIPA Section 2 mirrors Rule 17.1 of the Federal Rules of Criminal Procedure, which governs pretrial conferences. Such conferences routinely involve the presence of the defendant and defense counsel. *See* Fed. R. Crim. P. 17.1 Pretrial conferences under both the Federal Rules of Criminal Procedure and CIPA codify the court's obligation to manage cases on its docket. Specifically, the Section 2 pretrial conference "promotes an orderly focus" of issues concerning classified information, *See United States v. Brown*, No. 5:14-CR-58-FL, 2014 WL 1572553, at *5 (E.D.N.C. Apr. 18, 2014), and aids the court in "ensuring that issues involving classified information are identified at the earliest possible time." S. Rep. No. 96-823, at 5 (1980), *reprinted in* 1980 U.S.C.C.A.N 4294, 4298.

Several key matters are set aside for discussion at the Section 2 conference in this case, all of which are benefited by, at least, the presence of defense counsel. The government has proffered that, prior to the conference, it will "endeavor to identify all possible classified material and determine its potential applicability, nature, and volume." Gov't Mot. 14. The government expects to "provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information." *Id*. From that estimate, the government will request a schedule for the filing of motions pursuant to Sections 3 and 4 of CIPA, which pertain to the disclosure of classified information pursuant to a protective order and the deletion or substitution of classified information, respectively. *Id.* The government also intends to request the Court to authorize an <u>in camera</u>, <u>ex parte</u> submission of classified materials pursuant to Section 4. *Id.*

Defense counsel's attendance at the pretrial conference is critical to learning what information beyond that which the government presented to the grand jury supports the charges

3

listed in the Indictment, and the degree to which that information is classified. The Court also benefits from the attendance of defense counsel. Section 2 requires the court to establish the timing of the provision of defendant's written notice pursuant to Section 5. 18 U.S.C. App. 3 § 2. Only the defense counsel can give the Court an estimate of the time <u>they will need</u> to review any classified material. Under Section 5(a), if a defendant reasonably expects to disclose or cause the disclosure of classified information, the defendant must provide a written notice to the court and to the government describing the classified information. 18 U.S.C. App. 3 § 5. Upon learning the scope of potentially relevant classified materials from the government, defense counsel is in the best position to assist the Court in setting a reasonable deadline for provision of defendant's Section 5 notice. Moreover, the Section 2 pretrial conference is an important first proceeding from which all later proceedings under CIPA follow, such as the Section 6(a) pretrial hearing. While CIPA contemplates that some proceedings are to be held outside of the presence of the defendant and defense counsel, *See* 18 U.S.C. App. 3 § 4, the text of Section 2 makes plain that the defendant and defense counsel are entitled to attend the pretrial conference.

      The "animating purpose" of CIPA "is 'to harmonize a [criminal] defendant's right to obtain and present exculpatory material.'" *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 115–16 (2d Cir. 2008) (quoting *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996)). It is of no surprise then that "[a] defendant is disadvantaged by exclusion from the court's consideration of issues arising involving the government's obligations in discovery." *Brown*, 2014 WL 1572553, at *5. The government did not move for an <u>ex parte</u> conference, and the Court has not provided its reasons for scheduling the conference <u>ex parte</u>. Given that the exclusion of defense counsel is unnecessary at this early stage, defense counsel urges the Court to permit our attendance.

### III. The Provision of Security Clearances to Defense Counsel Ameliorates the Problem of Defendant's Exclusion and Preserves the Defendant's Right to a Fair Trial

To the extent that the government objects to the presence of defense counsel on the ground that classified information will be discussed, the Court should postpone the pretrial conference until defense counsel obtains the necessary security clearances to view and handle any potentially relevant classified materials. In cases involving CIPA, security clearances have been integral to allowing defense counsel access to classified information during discovery. Indeed, many courts have found security clearances necessary to safeguard the government's national security interests. *See*, e.g., *United States v. Abu Ali*, 528 F.3d 210, 253–54 (4th Cir. 2008); *United States v. Abdi*, 498 F. Supp. 2d 1048, 1087 (S.D. Ohio 2007); *United States v. Libby*, 429 F. Supp. 2d 18, 23–24 (D.D.C. 2006); *United States v. Bin Laden*, 58 F. Supp. 2d 113 (S.D.N.Y. 1999). Given that the government's prosecution of Mr. Elshinawy will undoubtedly involve classified information, defense counsel seeks to limit its exclusion in this and future proceedings by requesting that the Court and/or the government initiate clearance procedures.

### IV. CONCLUSION

Defendant Mohamed Elshinawy, by and through his counsel, respectfully request that the Court strike its order granting the government's motion for a pretrial conference <u>ex parte</u> and permit defense counsel to attend the pretrial conference scheduled for March 29, 2016. In anticipation of the likelihood that the government will rely on classified information in the prosecution of this case, defense counsel also requests security clearances to view and handle any potentially relevant classified materials.

Respectfully submitted,

/s/
Joshua R. Treem #000037
Stuart O. Simms #27090
Chelsea J. Crawford #19155
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street
Suite 1700
Baltimore, Maryland 21202
410-962-1030
jtreem@browngold.com
sos@browngold.com
ccrawford@browngold.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of March, a copy of the foregoing Motion to Strike was electronically filed and served on all counsel of record through the Court's CM/ECF system.

/s/
Chelsea J. Crawford