

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Christine Manuelian*　　　　　　　　　　　　*Suite 400*　　　　*DIRECT: 410-209-4852*
*Assistant United States Attorney*　　　　　　*36 S. Charles Street*　　*MAIN: 410-209-4800*
*Christine.Manuelian@usdoj.gov*　　　　　　*Baltimore, MD 21201-3119*　　*FAX: 410-962-9293*

December 4, 2017

Honorable Ellen L. Hollander
United States District Judge
101 W. Lombard Street
Baltimore, MD  20201

      Re:   *United States v. Mohamed Elshinawy*
             Criminal No. ELH-16-0009

Dear Judge Hollander:

      We write to direct the Court's attention to the following cases relevant to use of a defendant's proffer statements:

      The Fourth Circuit has held that a proffer agreement operates like a contract and is interpreted "based on the language it contains" in order to determine its breach. *United States v. Gillon*, 704 F.3d 284, 292 (4th Cir. 2012).  The proffer agreement in *Gillon* required that the defendant take a polygraph to test the accuracy of his proffer statements.  He did not do so; thus, the court held that the agreement terms were breached and the government was allowed to use the proffer statements at trial. *Id*. at 292-93. *Accord United States v. Daniels*, 189 Fed.Appx. 199, slip op. at *2 (4th Cir. July 10, 2006) (unpub.) (holding that defendant's breach of proffer agreement's requirement to pass a polygraph "render[ed] Government's obligations null and void," thus permitting government to use the statements and district court to rely on those statements to enhance defendant's sentence under the Guidelines.)

      In *United States v. Krilich*, 159 F.3d 1020 (7th Cir.1998), the court upheld admission of a proffer statement to rebut arguments suggested by defense counsel during cross-examination of government witnesses, and to impeach defendant's witnesses. *See also United States v. Velez*, 354 F.3d 190, 194-96 (2d Cir. 2004) (government could use proffer statements to rebut contradictory evidence or argument by defense).

      In *United States v. Gomez*, 210 F.Supp.2d 465 (S.D.N.Y. 2002), the defendant's counsel made arguments inconsistent with statements made by his client in a proffer.  The proffer agreement, like the agreement in this case, provided that the government "could use proffer statements to rebut inconsistent arguments made by counsel." *Id*. at 472.  Thus, the district judge ruled that if the defense made a particular argument that was contrary to the defendant's statement at his proffer session, the government would be able to introduce the proffer statement at trial.  The

district judge noted that under such circumstances, it was only fair that the government be allowed to use the proffer statements: "it is difficult to conceive of a good faith basis for an argument by counsel that contradicts her client's own statements made when the client had great incentive to tell the truth." *Id*. at 476.

The proffer letter in this case specifically provides: "If your client is convicted and is before the court for sentencing, and any evidence or argument used in support of your client is materially different from any proffer information, the Government may use proffer information in cross-examination, rebuttal or argument." We will provide a copy of the letter to the Court tomorrow morning.

                                                    Very truly yours,

                                                    _____/s/_____
                                                    Christine Manuelian
                                                    Kenneth S. Clark
                                                    Assistant United States Attorneys

cc: (by ECF)
    Joshua Treem, Esquire
    Stuart Sims, Esquire
    Chelsea Crawford, Esquire