IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. ELH-16-09 |
| MOHAMED ELSHINAWY, | |
| *Defendant*. | |

**MEMORANDUM**

On December 4, 2017, the George Washington University Program on Extremism (the "Program") filed a motion to intervene in the above-captioned criminal case (ECF 165), supported by a memorandum (ECF 165-1) (collectively, the "Motion"). The Program seeks, *inter alia*, the unsealing of "all pretrial proceedings which involve substantive rulings of fact and law." *Id.* at 1. The Motion was submitted by Seamus Hughes, the Deputy Director of the Program, who is not an attorney. ECF 165-2.[1]

It is well-established that all parties, other than individuals, must be represented by counsel in order to appear in federal court. *See* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel."); *see also*, *e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *Sanabria v. Cocody, Inc.*, DKC-16-0365, 2017 WL 4947047, at *1 n.1 (D. Md. Nov. 1, 2017) ("Defendant Toure submitted the motion on behalf of himself

---

[1] Mr. Hughes asserts that the electronic docket reveals "several proceedings" that are "sealed in their entirety." ECF 165 at 1. This is incorrect. However, multiple filings have been submitted under seal. Several of them concern sentencing. The Court notes that sentencing memoranda are routinely filed under seal. However, the sentencing proceedings, which have included the presentation of evidence, have been open to the public. *See* ECF 165; ECF 168.

and Defendant Cocody, Inc. However, the motion was not accepted on behalf of Cocody, Inc. because corporations may only appear through counsel. *See* Local Rule 101.1(a) . . . ."); *Perez v. Silva*, 185 F. Supp. 3d 698, 706 (D. Md. 2016); *Williams v. Dee Miracle Auto Grp., LLC*, ELH-15-2466, 2016 WL 363829, at *2 (D. Md. Jan. 29, 2016) (citations omitted).

The Program is not an individual. S*ee* ECF 165-1 at 4. Nor is Mr. Hughes an attorney. *See* ECF 165-2. Therefore, he may not represent the Program in connection with this Motion. Accordingly, I shall DENY the motion to intervene, without prejudice.

An Order follows.

Date: December 7, 2017     /s/
                           Ellen Lipton Hollander
                           United States District Judge