

*Christine Manuelian*
*Assistant United States Attorney*
*Christine.Manuelian@usdoj.gov*

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4852*
*MAIN: 410-209-4800*
*FAX: 410-962-9293*

January 2, 2018

Honorable Ellen L. Hollander
United States District Judge
101 W. Lombard Street
Baltimore, MD  20201

    Re:    *United States v. Mohamed Elshinawy*
            Criminal No. ELH-16-0009

Dear Judge Hollander:

      We write in response to assertions by defendant's counsel that the government has called into question their professional and ethical conduct in seeking to establish the defendant's breach of the terms of his proffer agreement.  *See* ECF 179 (Def. Letter dated 12/8/16).

      As the Court agreed during our last conference call, the government has not accused defense counsel of lying to the Court.  None of the government's filings regarding admission of the defendant's proffer statements make that accusation.  *See* Govt. Submissions, ECF 148, ECF 155, ECF 164, and ECF 172.  During our conference call, Mr. Simms claimed that our sealed filing dated December 6, 2017 (ECF 172) contained an assertion that defense counsel were untruthful in their sentencing arguments.  To the contrary, our letter clearly stated the government's belief that certain of **the defendant's proffer statements** were not only contradictory to his sentencing arguments, but also deemed by the government to be untruthful.  *See* ECF 172, at paragraph 1.  To reiterate, the reference to untruthfulness was with regard to the defendant's proffer statements – not the arguments put forth by counsel on his behalf.

      The defendant's counsel are his representatives and speak for him.  If the Court finds that the defendant has breached his proffer agreement as a result of having put forth contrary sentencing arguments through his counsel, that ruling does not constitute an ethical indictment of his counsel's conduct.  Nor will the defendant be able to establish, post-conviction, that his counsel were ineffective in positing sentencing arguments on his behalf that were contrary to his proffer statements.

      As the Court is well aware, the burden on a defendant to establish ineffective assistance of counsel is high and requires a showing that 1) counsel's performance was unreasonably deficient under prevailing professional standards, and, 2) there is a reasonable probability that but for

counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). Even in the highly unlikely event that, post-conviction, counsel's contrary sentencing arguments were deemed professionally deficient, the defendant would not be able to establish prejudice as a result given the extensive evidence supporting application of the terrorism enhancement and issues relating to future dangerousness. *See United States v. Raisley*, 2016 WL 1117944, slip op. at 5 (D.N.J. March 22, 2016) (unpub.) (defense counsel not ineffective given lack of prejudice resulting from defense counsel's opening statement that allowed for government's admission of defendant's contrary proffer statements); *Goldenberg v. United States*, 2012 WL 1599869 (E.D.N.Y. May 7, 2012) (unpub.) (defense counsel not ineffective for having made closing arguments at trial contrary to defendant's proffer statements due to lack of any resulting prejudice given extensive incriminating evidence against defendant independent of his proffer admissions). "[T]he Sixth Amendment does not guarantee a right to perfect counsel, only one that is reasonably competent …." *United States v. Heatley*, 39 F.Supp.2d 287, 316 (S.D.N.Y. 1998) (defense counsel not ineffective for failing to advise defendant that his proffer statements could be used by a grand jury to obtain additional indictments against him – failure to advise did not fall below professional standards and no resulting prejudice established) (citing *United States v. Cronic*, 466 U.S. 648, 656 (1984)).

The factual scenario established here is not uncommon, and there is no indication in the appellate or post-conviction histories of cases where the actions of defense counsel resulted in the admission of their client's proffer statements that counsel were subsequently deemed unethical or ineffective. *See, e.g., United States v. Barrow*, 400 F.3d 109, 121-23 (2d Cir. 2005) (upholding admission of proffer statements contrary to arguments made by defense counsel in opening statement and on cross-examination of government witness); *United States v. Dales*, 2009 WL 3806273, slip op. at **4-5 (E.D.Pa. November 12, 2009) (unpub.) (same), *upheld on appeal*, 425 Fed.Appx 178 (3rd Cir. April 28, 2011) (unpub.); *United States v. Rebbe*, 314 F.3d 402 (9th Cir. 2002) (district court's admission of defendant's proffer statements to rebut defense arguments and evidence inconsistent with those statements upheld on appeal); *United States v. Shannon*, 803 F.3d 778, 785-86 (6th Cir. 2015) (district court's admission of proffer statements upheld where those statements contradicted inferences raised by defense counsel's cross-examination of government witness); *United States v. Hardwick*, 544 F.3d 565, 570-71 (3rd Cir. 2008) (district court did not abuse its discretion in admitting proffer statements where defense counsel elicited testimony on cross-examination that raised inferences contrary to defendant's proffer statements).

For these reasons, defense counsel's claim that their ethical conduct has been called into question is baseless – both on the facts to date, as well as with regard to their continuing representation of the defendant and any future post-conviction Sixth Amendment challenge he might raise on this issue.

Very truly yours,

_____/s/_____
Christine Manuelian
Kenneth S. Clark
Assistant United States Attorneys

2

cc: (via ECF)
    Joshua Treem, Esquire
    Stuart Sims, Esquire
    Chelsea Crawford, Esquire