

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Christine Manuelian*
*Assistant United States Attorney*
*Christine.Manuelian@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4852*
*MAIN: 410-209-4800*
*FAX: 410-962-9293*

July 14, 2017

Joshua Treem
Brown Goldstein & Levy, LLP
120 East Baltimore Street, Suite 1700
Baltimore, MD 21202

    Re:    *United States v. Mohamed Elshinawy*
           Criminal No. ELH-16-0009

Dear Mr. Treem:

    You have advised me that your client, Mohamed Elshinawy, wishes to meet with law enforcement representatives to provide a voluntary proffer in connection with the above matter. Statements made and information provided by your client during the proffer are referred to in this agreement as "proffer information." We agree to hold a proffer meeting with you and your client at an agreed date and time, with the following terms and conditions.

    1.    The Government will not introduce proffer information directly against your client in any criminal trial, except under the following circumstances:

        a.    Your client's complete truthfulness and candor are express material conditions to the undertakings set forth in this letter. Therefore, if your client knowingly withholds material information from the Government or otherwise is not completely truthful and candid during the proffer, the Government may use proffer information against your client for any purpose, including a prosecution for perjury or obstruction of justice.

        b.    If your client is a witness in any proceeding and gives testimony that is materially different from any proffer information, the attorney for the Government or other opposing party may use proffer information in cross-examination or rebuttal.

        c.    If your client is prosecuted and any evidence or the testimony of any witness offered on your client's behalf is materially different from any proffer information, the attorney for the Government may use proffer information in cross-examination or rebuttal.

        d.    If your client is convicted and is before the court for sentencing, and any evidence or argument used in support of your client is materially different from any proffer information, the Government may use proffer information in cross-examination, rebuttal or argument.

Govt. Ex. 23 - 002

   e. In any judicial proceeding held to determine whether the above exceptions apply, the Government may use proffer information and shall be required to prove the circumstances by a preponderance of the evidence.

  2. The Government may make derivative use of proffer information. That is, the Government is free to use proffer information to pursue this or any other investigation.

  This agreement and any proffer meetings conducted pursuant to it do not constitute or reflect plea discussions, and your client hereby waives any right to argue that proffer information is governed by Federal Rule of Criminal Procedure 11(f) or Federal Rule of Evidence 410. The Government makes no representations or promises to your client beyond those in this letter and is not obligated to enter into any future plea bargain or agree to any sentencing reduction under 18 U.S.C. § 3553(f) or otherwise. Your client is not required to make any statements or provide any information and is free to cancel or end the meeting at any time.

  The understandings set forth above extend to the continuation of this meeting on the dates that appear below.

  By signing below, you and your client acknowledge that you have fully discussed, understand and agree to each provision of this agreement.

            Very truly yours,

            Stephen M. Schenning
            Acting United States Attorney

         By: _____ 8/2/17
            Christine Manuelian
            Assistant United States Attorney

Accepted: _____ DATE: 7-17-17
Mohamed Elshinawy

_____ DATE: 7/17/2017
Joshua Treem

_____ DATE: 8/2/2017
[Witness/Agent]