IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * Criminal No. ELH-16-009 |
| MOHAMED ELSHINAWY | * |
| Defendant. | * |

*Reviewed, considered, and denied.*
*ELH*
*USDJ 3/30/18*

## MOTION IN SUPPORT OF SENTENCING MEMORANDUM, SENTENCING ENHANCEMENT 3A1.4 IS UNCONSTITUTIONAL AND INDIRECT VIOLATION OF CONGRESSIONAL MANDATE, LANGUAGE AND INTENT

The defendant, Mohamed Elshinawy, makes the following motion in support of the Sentencing Memorandum. The United States Sentencing commission violated the intent and mandate of the Congressional mandate creating sentencing enhancement 3A1.4 and such enhancements application is unconstitutional.

### ARGUMENT

The United States Sentencing Commission (U.S.S.C.) is in direct violation of Congressional mandate and intent in the language and application of the Sentencing Enhancement 3A1.4. In the current United States Sentencing Guidelines (U.S.S.G.), 3A1.4 has the following wording:

> "3A1.4(a) if the offense is a felony that involved, or was intended to promote a Federal Crime of Terrorism increase by 12 levels..."

However, in the Violent Crime Control Act of 1994, sec. 120004 Sentencing Guidelines Increase for Terrorist Crimes, "The U.S.S.C. is directed to amend its sentencing guidelines to provide an appropriate enhancement for any felony, whether committed within, or outside of the United States, that involved or is intended to promote international terrorism, unless such involvement or intent is itself an element of the crime." The U.S.S.C. asked for clarification of this mandate, 60 Fed. Reg. 2441(January 9, 1996). "The chair... responded to the Sentencing

Commissions request: The Crime Act also requires the Commission to amend the guidelines to provide an 'appropriate enhancement' for any felony that involved or intended to promote international terrorism, unless this factor is an element of the crime..."

And while the U.S.S.C. "enjoys significant discretion... it must bow to the specific directives of Congress." U.S. v. Labonte, 520 U.S. 751 (1987). The Supreme Court invalidated the Commissions reading as "inconsistent with the unambiguous statutory language" Id at 762. In doing so, the Court started from the premise that "Congress said what it meant" and examined whether the Guidelines commentary "accurate;y reflected Congress' intent" by "giving the words used their ordinary meaning" Id at 757.

THEREFORE, the defendant herein prays that this Court makes a ruling as to the constitutionality of the U.S.S.C. wording and implimentation of sentencing enhancement 3A1.4.

Respectfully submitted,

Mohamed Elshinawy 4271370
Chesapeake Detention Facility
401 E. Madison Street
Baltimore, MD 21202