FILED: April 25, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 18-4223
(1:16-cr-00009-ELH-1)
_____

UNITED STATES OF AMERICA

      Plaintiff - Appellee

v.

MOHAMED ELSHINAWY, a/k/a Mojoe, a/k/a Mo Jo

      Defendant - Appellant

_____

O R D E R
_____

The court grants the motion to withdraw as counsel on appeal.

The court appoints Gary E. Proctor to represent appellant on appeal. Counsel is referred to the **CJA Payment Memorandum** and the **CJA eVoucher Page** for information on appointment terms and procedures.

CJA authorization for preparation of transcript is obtained by submitting an AUTH-24 request in the district eVoucher system. New appellate counsel must contact district eVoucher staff for appointment to the underlying district court case in order to submit the AUTH-24 request for district judge approval and the CJA 24

voucher for transcript payment. Counsel must also submit a Transcript Order Form to the court reporter and district court and file the same in the court of appeals with the docketing statement. Upon filing of the Transcript Order Form, the Fourth Circuit will set deadlines for completion of the transcript.

CJA 20 and 21 vouchers are submitted for payment through the Fourth Circuit's CJA eVoucher system. Upon receiving email notification of this appointment from eVoucher, counsel may create CJA 20 and 21 vouchers for use in maintaining time and expense records and paying for expert services.

In light of this appointment, appellate counsel is granted access to sealed district court material, with the exception of ex parte or in camera material. Any transcripts or record material sent to prior counsel shall be provided by prior counsel to newly appointed counsel.

The court having appointed new counsel for purposes of this appeal, any motion for further substitution of counsel shall be disfavored.

> For the Court--By Direction
>
> /s/ Patricia S. Connor, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**
**OFFICE OF THE CLERK**

1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
www.ca4.uscourts.gov

| Patricia S. Connor | Telephone |
| Clerk | 804-916-2700 |

April 25, 2018
_____

CJA COUNSEL NOTICE
_____

No. 18-4223,  US v. Mohamed Elshinawy
1:16-cr-00009-ELH-1

TO:  Mr. Gary Proctor
LAW OFFICES OF GARY E. PROCTOR, LLC
8 East Mulberry Street
Baltimore, MD 21202-0000
410-444-1500
garyeproctor@gmail.com

Thank you for accepting appointment on appeal in this case. This office will work with you in any way necessary in connection with the appointment. The case manager for this case is Cathi Bennett, and the following information is provided for your use (click on an underlined document to access the document on the court's web site, www.ca4.uscourts.gov).

**Initial Forms:** Following forms must be filed within 14 days.
- **Appearance of Counsel** (must be registered for electronic case filing)
- **Docketing Statement** (required for appointments at the beginning of the appeal)
- **Transcript Order Form** (order any necessary transcript)

**Appointment and Case Information:** Time and expense records must be maintained in accordance with the **CJA Payment Memorandum** to permit payment at the end of the case.

All case filings must be made using the court's Electronic Case Filing system (CM/ECF). Counsel not yet registered for electronic filing should proceed to the court's web site to register as an ECF filer. See **Required Steps for Registration as an ECF Filer**.

**Copies of any documents filed on appeal to date are accessible on the court's docket. Documents filed by a party while proceeding pro se will not be considered by the court unless renewed by counsel.**

**Record:** Counsel should register for and use a separate, fee exempt PACER account in CJA cases. Go to: **http:\\www.pacer.gov** to register. The district court's PACER docket and electronic documents are accessible through a link to the district court docket from the appellate docket. The "Create Appendix" option enables counsel to combine multiple documents into one PDF record for printing or saving.

**Presentence Report, Statement of Reasons, Transcripts:** Since the presentence report and statement of reasons are sealed documents and the transcript is restricted from public access during the redaction period, counsel may need to make special arrangements to obtain these documents. If not available from former counsel, the documents can be obtained from the district court. (See **Record Access for New Appellate Counsel**). The Fourth Circuit's appointment deputy, Lisa McFarland, can also assist counsel in obtaining record items.

**CONTACT INFORMATION:**

| | |
|---|---|
| Former counsel: | Joshua Reinhardt Treem |
| | Direct: 410−962−1030 |
| | Email: jtreem@browngold.com |
| | BROWN, GOLDSTEIN & LEVY, LLP |
| | Suite 1700 |
| | 120 East Baltimore Street |
| | Baltimore, MD 21202 |
| | |
| Defendant: | MOHAMED ELSHINAWY- # 60500-037 |
| | FCI PETERSBURG MEDIUM |

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
PETERSBURG, VA  23804

Lisa McFarland, Deputy Clerk
804-916-2744
 cc:    Defendant
          Felicia Cannon
          Kenneth Sutherland Clark
          CJA Contacts MDD
          Christine Manuelian

# SEALED & CONFIDENTIAL MATERIALS

**Internet Availability of Docket & Documents**

Fourth Circuit case dockets and documents are available on the Internet via the Judiciary's PACER system (Public Access to Court Electronic Records). The Fourth Circuit docket is available on the Internet even if the district court docket was sealed. If a party's name was sealed in the district court, it should be replaced by "Under Seal" or a pseudonym on appeal.

Due to the electronic availability of court documents, the federal rules prohibit including certain personal data identifiers in court filings. In addition, parties should not include any data in their filings that they would not want on the Internet. Counsel should advise their clients on this subject so that an informed decision can be made. Responsibility rests with counsel and the parties, not with the clerk.

Documents filed by the parties in immigration and social security cases are not accessible over the Internet to the public. In immigration and social security cases, public Internet access is limited to the court's docket, orders, and opinions.

**Federal Rules of Procedure**

The federal rules of procedure require filers to redact any of the following personal data identifiers (PDIs) if included in court filings: (1) social security and tax ID numbers must be limited to last four digits; (2) minor children must be identified by their initials only; (3) dates of birth must show the year only; (4) financial account numbers must be limited to the last four digits only; and (5) home addresses in

criminal cases must be limited to city and state only. The federal rules establish limited exceptions to these redaction requirements. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037

**Judicial Conference Privacy Policy**

In addition, the judiciary's regulation on [Privacy Policy for Electronic Case Files](#) prohibits filers from including any of the following criminal documents in the public file: (1) unexecuted summonses or warrants; (2) bail or presentence reports; (3) statement of reasons in judgment of conviction; (4) juvenile records; (5) identifying information about jurors or potential jurors; (6) CJA financial affidavits; (7) ex parte requests to authorize CJA services and (8) any sealed documents, such as motions for downward departure for substantial assistance, plea agreements indicating cooperation, or victim statements.

**Local Rule 25(c)**

Local Rule 25(c) limits the sealing of documents by requiring that sealed record material be separated from unsealed material and placed in a sealed volume of the appendix and by requiring the filing of both sealed, highlighted versions and public, redacted versions of briefs and other documents.

Documents that were not sealed before the agency or district court will not be sealed in this court unless a motion to seal is filed and granted in this court.

Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties in paper form.

**Sealed Volume of Appendix**

If sealed record material needs to be included in the appendix, it must be placed in a **separate, sealed volume** of the appendix and filed with a certificate of confidentiality. In consolidated criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume served only on Government counsel and counsel for the defendant who is the subject of the report.

- Use ECF event-**SEALED APPENDIX** to file sealed electronic appendix volume(s). One sealed paper volume must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the sealed appendix must be filed, with additional copies being ordered by the court if otherwise needed. Cover of sealed appendix volume must be marked

- SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed volume must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of the certificate of confidentiality must accompany the paper copy of the sealed appendix filed with the court.
- Use ECF event-**APPENDIX** to file public electronic appendix volumes(s). One public paper volume must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the appendix must be filed, with additional copies being ordered by the court if otherwise needed. Paper copies of public volumes of appendix do not need to be served on other parties if they were served with public appendix in electronic form.

**Sealed Version of Brief**

If sealed material needs to be referenced in a brief, counsel must file both a **sealed, highlighted version** of the brief and a **public, redacted version** of the brief, as well as a certificate of confidentiality.

- Use ECF event-**SEALED BRIEF** to file sealed electronic version of brief in which sealed material has been highlighted. One sealed paper copy must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of sealed brief must be filed, with additional copies being ordered by the court if otherwise needed. Cover of sealed brief must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed version must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of certificate of confidentiality must accompany the paper copy of the sealed brief filed with the court.
- Use ECF event-**BRIEF** to file public electronic version of brief from which sealed material has been redacted. One paper copy must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the brief must be filed, with additional copies being ordered by the court if otherwise needed. Paper copies of public brief do not need to be served on other parties.

**Sealed Version of Motions and Other Documents**

If sealed material needs to be referenced in a motion or other document, counsel

must file both a **sealed, highlighted version** and a **public, redacted version**, as well as a certificate of confidentiality.

- Use ECF event-**SEALED DOCUMENT** to file sealed electronic version of document in which sealed material has been highlighted. First page of document must be marked SEALED. No paper copies need be filed, but other parties must be served in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material.
- Use the appropriate ECF event (e.g., **MOTION** or **RESPONSE/ANSWER**) to file public electronic version of document from which sealed material has been redacted. No paper copies of public document are needed for filing or service.

**Motions to Seal**

Counsel should file a motion to seal if the material was not previously sealed by virtue of the Privacy Policy for Electronic Case Files, or by statute, rule, regulation, or order. Counsel should also file a motion to seal if it is necessary to seal the entire brief or motion and not possible to create a public, redacted version.

The motion to seal must appear on the public docket for five days; therefore, counsel must file both a **sealed, highlighted version** of the motion to seal (along with a certificate of confidentiality) and a **public, redacted version** of the motion to seal. The motion to seal must identify the document or portions thereof for which sealing is requested, the reasons why sealing is necessary, the reasons a less drastic alternative will not afford adequate protection, and the period of time for which sealing is required.

For further information on redacting information from filings, please see No. 19, [How do I redact items from pleadings?](#)